UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tormu E. PRALL,<br><br>    Plaintiff,<br><br>v.<br><br>N.J.D.O.C., et al.,<br><br>    Respondents. | Civil No. 11-6355 (AET)<br><br>**MEMORANDUM OPINION**<br>**& ORDER** |

THOMPSON, U.S.D.J.

    This matter having come before the Court on Petitioner's submission of a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and it appearing that:

    1. Petitioner, Tormu E. Prall, is a convicted state inmate presently confined at the New Jersey State Prison in Trenton, New Jersey, at the time he submitted this petition for filing. He filed an application to proceed in forma pauperis ("IFP"), with only a two month institutional account statement, but the statement is sufficient to show that Petitioner qualifies for indigent status in this habeas proceeding.[1]

    2. On or about October 31, 2011, Petitioner filed an application for habeas relief challenging his New Jersey state court sentence and convictions for second-degree eluding, in violation of N.J.S.A. 2C:29-2(b); fourth degree aggravated assault, in violation of N.J.S.A. 2C:12-1(b)(5); and fourth degree resisting arrest by flight, in violation of N.J.S.A. 2C:29-2(a)(2).

---

[1] Petitioner's affidavit in support of his IFP application alleges that prison staff have repeatedly beat him and/or tortured him for refusing to renounce his conscientious objection beliefs, and that this prevents him from obtaining a complete six-month prison account statement. These allegations of abuse and torture have been asserted in Petitioner's civil rights action, Prall v. Bocchini, et al., Civil No. 10-1228 (JBS), which is still pending before Chief Judge Simandle. To the extent that such allegations of abuse and torture are ongoing, Petitioner should address same in the civil rights action, and not in this habeas action.

Because Petitioner is challenging a state court sentence and conviction, his habeas petition is more appropriately a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and accordingly, this Court will so re-characterize the petition as a habeas petition pursuant to § 2254.

3. On December 27, 2011, Petitioner filed a motion to amend and supplement his pleadings. (Docket entry no. 2). In particular, Petitioner sought to amend and supplement his petition to add the recent Order of the Supreme Court of New Jersey, dated December 1, 2011, which denied certification on Petitioner's direct appeal from his New Jersey state court conviction. He also asks that his habeas petition be processed in an expedited manner. (Docket entry no. 2). As no responsive pleading has yet been filed in this action, Petitioner's motion to amend (Docket entry no. 2), will be granted as of right.

4. On January 3, 2012, Petitioner again filed a motion to amend his petition. (Docket entry no. 4). In particular, this most recent motion asks to add Petitioner's own declaration, dated December 23, 2011, in which he summarizes an alleged "affidavit" by witness Alexis Bell that purportedly contradicts Ms. Bell's testimony at Petitioner's state trial. (Docket entry no. 4-1). Petitioner's declaration is not notarized. As no responsive pleading has yet been filed in this action, Petitioner's motion to amend (Docket entry no. 4), will be granted as of right, with this Court making no findings as to the veracity of Petitioner's allegations in his purported declaration.

5. On December 27, 2011, Petitioner also filed a motion for a writ of mandamus and a "writ of prohibition". (Docket entry no. 3). In his motion, Petitioner asks this Court to answer or certify for appeal to the United States Court of Appeals for the Third Circuit, 22 grounds or claims that Petitioner seeks to address in his habeas petition. Most of these questions deal with Petitioner's overriding claim that he is a conscientious objector based on religious beliefs derived from the Nations of Gods and Earths or the Five Percent Nation and that his conscientious

objection to the state criminal justice system, including the courts, prosecutors, public defenders, etc., renders Petitioner unable to cooperate and/or participate in any aspect of the criminal justice system, including any participation in the criminal prosecution and trial which he now challenges in his habeas petition. (Docket entry no. 3).

6. The Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff. See 28 U.S.C. § 1651. It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases. See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970). Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).

7. The Supreme Court has set forth conditions to be established before mandamus relief is granted: (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

8. Here, the Court finds no basis for mandamus relief. First, in the 22 claims, Petitioner asks this Court to make rulings concerning the actions or conduct of state criminal justice officials,

and not federal officers or agencies. Consequently, he fails to state a claim for mandamus relief under § 1651.

9. Second, Petitioner cannot show that the right to the writ of mandamus is clear and undisputable. He also has not shown that this Court owes a non-discretionary duty to Petitioner to provide the relief he seeks. Indeed, this Court's function and duty with regard to review of Petitioner's claims in his mandamus petition is a purely discretionary act, and thus would not fall under the ambit of a mandamus action pursuant to § 1651.

10. Finally, Petitioner has not demonstrated that he has no other remedy. It would appear that the claims asserted in Petitioner's mandamus motion bear on Petitioner's claims for habeas relief in the habeas action he now brings. Thus, his appropriate remedy would be via his § 2254 habeas petition, and not a mandamus action. To the extent that Petitioner seeks a ruling by this Court on the claims asserted in his mandamus motion, such adjudication would occur in the normal course of Petitioner's § 2254 habeas proceeding now pending. Therefore, Petitioner has failed to show any extraordinary factors that would warrant resort to a petition for a writ of mandamus, see 28 U.S.C. § 1651, and his motion will be denied.

11. While Petitioner has sought to amend his petition several times, as set forth above, as well as assert numerous questions for habeas review as set forth above, it is not entirely clear that Petitioner fully understands the requirements of a § 2254 habeas action, such as, but not limited to, requirements for exhaustion of state court remedies, and the requirement that Petitioner bring all potential claims in one, all-inclusive habeas petition.

12. For instance, in reviewing the habeas petition and the questions that Petitioner raises in his motion for mandamus relief, it would appear that not all of the arguments set forth by Petitioner have been presented for state court review. In addition, it would appear that Petitioner may wish to assert claims of ineffective assistance of trial and appellate counsel. Such claims are

4

not generally reviewed on direct appeal and are usually reviewed in state post-conviction petition ("PCR") proceedings. Petitioner has indicated that his direct appeal in state court has only recently concluded on December 1, 2011. Consequently, no state PCR proceedings have been filed or conducted at this time.

13. Accordingly, based on the above, and because Petitioner has filed an Application for a writ of habeas corpus under 28 U.S.C. § 2254, this Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of filing such an application under the Antiterrorism Effective Death Penalty Act (AEDPA) and to give Petitioner an opportunity to file one all-inclusive § 2254 Application:

> a. Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Application all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d).
>
> b. It is not apparent to the Court whether Petitioner intends the application filed to be Petitioner's one all-inclusive § 2254 Application. Therefore, Petitioner may now tell the Court how he wants to proceed by choosing one of the following options and notifying the Clerk of his choice pursuant to the terms of this Order:
>
>> (1) Have the pending § 2254 Application ruled upon as is; or
>>
>> (2) Withdraw the pending § 2254 Application and file one all-inclusive § 2254 Application subject to the one-year statute of limitations.
>
> c. If Petitioner should choose option (a), then he will lose the ability to file a second or successive Application under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.
>
> d. If Petitioner should choose option (b) **and** his original Application was filed within the one-year statute of limitations under 28 U.S.C. § 2244(d), then the statute of limitations will be tolled from the date the original application was handed to prison officials for mailing to the Clerk of the Court until 45 days after you receive this Order. Under these circumstances, if Petitioner's original § 2254 Application was filed within the one-year limitations period, Petitioner will have the 45-day response period plus any additional time remaining within your 365-day statute of limitation period to draft and file his all-inclusive § 2254 Application. (For example, where a prisoner mailed his original application to the

Clerk on the 364th day after his conviction became final, the limitation period would be tolled from the date he gave the original application to prison officials for mailing until the expiration of the 45-day response period. This prisoner would have the 45-day period plus one remaining day to hand a timely all-inclusive § 2254 petition to prison officials for mailing to the Clerk for filing).

IT IS therefore on this 20th day of August, 2012,

ORDERED that this petition for a writ of habeas corpus shall be re-characterized as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, because Petitioner is challenging a state court conviction; and it is further

ORDERED that Petitioner shall have 45 days from the date he receives this Order to file with the Clerk a letter or other written response signed by Petitioner advising the Court how he would like to proceed; and it is further

ORDERED that, if Petitioner does not file a signed response choosing one of the above options within 45 days of his receipt of this Order, then the Court will rule on the § 2254 Application as it is; and it is further

ORDERED that Petitioner's application to proceed in forma pauperis is hereby granted; and it is further

ORDERED that the Clerk shall file the Petition without prepayment of fees; and it is further

ORDERED that Petitioner's motions to amend and/or supplement his petition (Docket entry nos. 2 and 4) shall be granted as a matter of right before a responsive pleading has been filed; and it is finally

ORDERED that Petitioner's motion for a writ of mandamus (Docket entry no. 3) shall be DENIED.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

6