RECEIVED
JUN 11 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TORMU E. PRALL,
      Petitioner,

v.

N.J.D.O.C., et al.,

      Defendants.

Civil Action No. 11-6355 (AET)

MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the Court on the motions by Petitioner, Tormu E. Prall, for expedited service and disposition of his habeas petition (Docket entry no. 11), for an Order to Show Cause (Docket entry no. 12), and for withdrawal to file a supplemental habeas petition (Docket entry no. 16), and these motions being considered on the papers pursuant to Rule 78 of the Federal Rules of Civil Procedure, and it appearing that:

1. On or about October 31, 2011, Petitioner, Tormu E. Prall, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ostensibly challenging his New Jersey state court convictions for second degree eluding, in violation of *N.J.S.A.* 2C:29-2(b); fourth degree aggravated assault, in violation of *N.J.S.A.* 2C:12-1(b)(5); and fourth degree resisting arrest by flight, in violation of *N.J.S.A.* 2C:29-2(a)(2).

2. On December 27, 2011 and January 3, 2012, Petitioner filed an amendment or supplement to his habeas petition. (Docket

entry nos. 2 and 4.) He also filed a motion for a writ of mandamus on December 27, 2011. (Docket entry no. 3.).

3. In a Memorandum Opinion and Order issued on August 24, 2012, this Court denied Petitioner's writ of mandamus, and allowed Petitioner to amend his petition as of right since no entry of appearance had been filed on behalf of Respondents. Further, this Court re-characterized Petition's action as a habeas action under 28 U.S.C. § 2254, issued Petitioner a Notice and Order pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and warned Petitioner that he is required to fully exhaust his state court remedies with regard to all claims pursuant to 28 U.S.C. § 2254(b). (Docket entry no. 5.)

4. On or about September 10, 2012, Petitioner filed a motion for discovery (Docket entry no. 6.), a request for production of documents (Docket entry no. 7),[1] a motion to withdraw certain paragraphs in a second amended Complaint (Docket entry no. 8), and a response to the Court's August 24, 2012 *Mason* Order (Docket entry no. 9), in which Petitioner communicated his desire to have his habeas petition ruled upon "as is." Several days later, on or about September 14, 2012, Petitioner filed a motion to issue subpoenas. (Docket entry no. 10.) On March 12,

---

[1] In a separate Memorandum Opinion and Order issued on or about this date, this Court denied without prejudice Petitioner's motion for discovery and request for production of documents.

2013, this Court issued separate Orders denying Petitioner's motions without prejudice. (Docket entry nos. 18, 19.)

5. In his motion to expedite service and disposition of his habeas petition, Petitioner argues that he is a "conscientious objector to the New Jersey criminal injustice system," and that he is "entangled with an unacceptable religious versus state option to either act in a conscience blind fashion or face a judicial decision that his conduct reveals a voluntary relinquishment of all rights and privileges throughout the whole course of the trial." (Docket entry no. 11 at ¶¶ 1, 3.) For the most part, Petitioner's motion presents arguments in support of his request for habeas relief based on his stated conscientious objections and beliefs. Petitioner does not, however, articulate any facts to support a request for expedited service and disposition of his case.

6. In his motion for an Order to Show Cause, Petitioner seeks an order directing an automatic reversal of his conviction because Respondents have not answered paragraphs 23, 31-34, 50-60 and 67-73 of his habeas petition. (Docket entry no. 12.)

7. This Court does recognize that no Order directing the respondents to answer this matter has yet been entered, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). This delay may be attributed, in part, to Petitioner's various motions and requests

to amend since he first submitted his habeas petition, including these motions at issue here. (*See* Docket entry nos. 2, 3, 4, 6, 7, 8, 10, 11, 12.) In addition, Petitioner has filed a Motion for Withdrawal to file a supplement (Docket entry no. 16), and motions to vacate this Court's Order entered on March 12, 2013. (See Docket entry nos. 20, 21.)

8. In his motion for withdrawal (Docket entry no. 16), Petitioner seeks to "withdraw every other paperwork entered on the docket sheet to replace that paperwork with the supplemental petition for a writ of habeas corpus submitted along with this motion, and to be permitted to discuss his precepts of religion on New Jersey criminal injustice system and the world in the traverse should respondent make this an issue." Petitioner excludes his declaration and notarized declaration,[2] and the decision of the Superior Court of New Jersey, Appellate Division, which upheld the challenged conviction, from this withdrawal. (Docket entry no. 16.) Petitioner's motion otherwise does not articulate which entries on the docket he wishes to withdraw.

9. The Court notes that Petitioner had responded earlier to this Court's Order, pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d

---

[2] Petitioner does not identify the declarations that he wishes to preserve for habeas review by docket entry number in this action. Indeed, Petitioner's general reference to several declarations is confusing because he has characterized most of his documents as "declarations."

Cir. 2000), that he wished to have his petition ruled upon "as is." (Docket entry no. 9.)

THEREFORE, for the foregoing reasons,

It is on this 10th day of June, 2013,

ORDERED that Petitioner's motion for expedited service and disposition (Docket entry no. 11) is DENIED; and it is further

ORDERED that Petitioner's motion for an Order to Show Cause directing Respondents to answer the habeas petition (Docket entry no. 12) is DENIED as moot; and it is further

ORDERED that Petitioner's motion of withdrawal to file the supplemental habeas petition attached to the motion (Docket entry no. 16) is GRANTED in part and DENIED in part, as follows:

(a) Petitioner's supplemental habeas petition (Docket entry no. 16-1) SHALL be deemed filed as his supplemental habeas petition; and

(b) Petitioner's motion to withdraw all other entries on the docket sheet is DENIED; and it is further

ORDERED that the Clerk of the Court shall serve copies of the Petition, supplemental petition, and all declarations submitted by Petitioner in this matter, together with this Order and the accompanying Opinion herein, upon Respondents, by certified mail, return receipt requested, with all costs of service advanced by the United States; and it is further

ORDERED that Respondents shall file a full and complete answer to all claims asserted in the Petition and Supplemental Petition within 45 days of the entry of this Order, *see Ukawabutu v. Morton*, 997 F. Supp. 605 (D.N.J. 1998); and it is further

ORDERED that Respondents' answer shall respond to the factual and legal allegations of Petition and Supplemental Petition by each paragraph and subparagraph, see Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); and it is further

ORDERED that Respondents shall raise by way of answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and timeliness, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; all non-jurisdictional affirmative defenses subject to waiver, such as timeliness, not raised in Respondents' answer or at the earliest practicable moment thereafter will be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5 in providing the relevant state court record of proceedings, in particular, the answer "shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not

transcribed.  There shall also be attached to the answer such portions of the transcripts as the answering party deems relevant.  The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished.  If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted.  If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by respondent with the answer."  Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts; and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition and Supplemental Petition, as to whether the Petitioner has made a substantial showing of the denial of a constitutional right; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within 10 days after Respondents file the answer, see Rule 5(e) of the Rules Governing § 2254 Cases; and it is further

ORDERED that, within 7 days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

ORDERED that the Clerk shall serve this Order upon the Petitioner by regular mail.

June 10, 2013

ANNE E. THOMPSON
United States District Judge