**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TORMU E. PRALL, | : | |
| | : | Civil Action No. 11-6355(AET) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| N.J.D.O.C., et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Tormu E. Prall
New Jersey State Prison
P.O. Box 861
Trenton, NJ  08625
    Petitioner pro se

Renee M. Robeson
Assistant Mercer County Prosecutor
Office of the Mercer County Prosecutor
Mercer County Courthouse
P.O. Box 8068
209 South Broad Street
Trenton, NJ  08620
    Counsel for Respondents

**THOMPSON**, District Judge

    Petitioner Tormu E. Prall, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 challenging his 2008 conviction on aggravated assault and related charges. The respondents are the New Jersey Department of Corrections and Gary M. Lanigan, Commissioner.

Respondents have answered the Petition and the Answer and accompanying state court record suggest that Petitioner has failed to exhaust his state court remedies with respect to all of the claims asserted here. Accordingly, for the reasons stated herein, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.[1]

## I. BACKGROUND

The relevant facts are set forth at length in the opinion of the Superior Court of New Jersey, Appellate Division.[2] See

---

[1] Also pending before the Court is Petitioner's Motion [36] to expedite this matter. As grounds for his request to expedite, Petitioner states that he has postponed appearing before the Parole Board pending the resolution of this matter. As parole would not moot the Petition, the request to expedite will be denied. In any event, the Court notes that the parties have advised the Court that Petitioner is also serving a life sentence, so it cannot be said that Petitioner is suffering particular harm from having this matter proceed in the ordinary course. In addition, Petitioner seeks in the Motion for certain portions of the record provided by Respondents to be stricken. As there does not appear to be any inaccuracy in any of the records provided by Respondents, this request, too, will be denied.

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of

State v. Prall, 2011 WL 2622405 (N.J. Super. App. Div. July 6, 2011). Briefly, the charges against Petitioner arose out of an incident on October 18, 2006, in which officers of the Trenton Police Department responded to a call regarding criminal mischief, a broken window at a residence, and were directed to a white U-Haul van, which they approached first in their patrol car and then on foot. The driver of the van, later identified as Tormu Prall, accelerated toward the police officers on more than one occasion, nearly striking an officer, then drove at high speed through the streets of Trenton. He was arrested later that evening.

As a result of these events, Petitioner was indicted on charges of aggravated assault (fourth degree), N.J.S.A. 2C:12-1b(5)(a); eluding police (second degree), N.J.S.A. 2C:29-2b; and resisting arrest (fourth degree), N.J.S.A. 2C:29-2a(2). (Answer, Ex. 1, Indictment.)

Before trial, Petitioner signed a pre-trial memorandum acknowledging that he had been advised of his right to be present at trial and that, if he did not appear for trial on the date fixed (which was then November 13, 2007) or any adjourned trial date thereafter, a bench warrant would be issued for his

---

rebutting the presumption of correctness by clear and convincing evidence."

arrest and the trial court had the right to conduct the trial in his absence.³ Nevertheless, Petitioner did not appear for trial on November 13, 2007, or on the adjourned trial date of December 17, 2007, or on the adjourned trial date of January 7, 2008. After hearing argument from all counsel, the trial court found that Petitioner had knowingly and voluntarily waived his right to be present at trial and ruled that the trial would proceed <u>in absentia</u>. (Answer, Ex. 15, Trial Transcript, 3-10 (Jan. 7, 2008).)

At the conclusion of the jury trial, Petitioner was convicted on all counts. On February 5, 2010, the trial court sentenced Petitioner to an aggregate term of ten years imprisonment, with a five-year parole disqualifier.

Petitioner appealed his conviction and sentence. Petitioner's counsel presented the following issues for appeal:

<u>POINT I</u>
THE INCULPATORY STATEMENT MADE BY THE DEFENDANT DURING THE FIRST APPEARANCE PURSUANT TO R. 3:4-2 SHOULD HAVE BEEN EXCLUDED ON THE GROUNDS OF FUNDAMENTAL FAIRNESS.

<u>POINT II</u>
THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON HOW TO EVALUATE ORAL STATEMENTS ALLEGEDLY MADE BY THE DEFENDANT. (Not Raised Below)

<u>POINT III</u>

---

³ <u>See generally</u> <u>State v. Hudson</u>, 119 N.J. 165 (1990) (holding that a defendant may waive his presence at trial by either a written or oral waiver or by conduct evincing what is in effect such a waiver).

>    PREJUDICIAL OTHER CRIME EVIDENCE WAS ADMITTED WITHOUT
>    LIMITING INSTRUCTIONS AND IN VIOLATION OF THE MANDATE
>    OF N.J.R.E. 403.  (Not Raised Below)
>
>    POINT IV
>    THE SENTENCE IMPOSED OF TEN YEARS WITH A FIVE YEAR
>    PAROLE BAR WAS MANIFESTLY EXCESSIVE.  IN ADDITION, THE
>    RESISTING ARREST CONVICTION MUST BE MERGED WITH THE
>    ELUDING COUNT AS IT WAS BASED UPON THE SAME CONDUCT.
>
>    A.    The Quantum of Sentence Is Excessive.
>    B.    The Resisting Arrest Conviction Must Be Merged
>          With the Eluding Charge

(Answer, Ex. 2, Pet. Brief on Appeal.)

Petitioner submitted a <u>pro se</u> Supplemental Brief in which he raised the following issues:

>    I.   THE CONCLUSION THAT APPELLANT'S CONDUCT REVEALS A
>    KNOWING, VOLUNTARY, AND UNJUSTIFIED ABSENCE FROM TRIAL
>    WAS CONTRARY TO CLEARLY ESTABLISHED SUPREME COURT LAW.
>
>    II.  N.J.S.A. 2C:4-4a(2)(g) AND N.J.S.A. 2C:4-6 ARE
>    UNCONSTITUTIONAL AS APPLIED.
>
>    III. 42 U.S.C. § 2000cc APPLIES IN APPELLANT'S
>    SITUATION BASED ON THE STATE'S RECEIPT OF FEDERAL
>    FUNDING.
>
>    IV.  THE STATE'S PSYCHIATRISTS AND PSYCHOLOGISTS
>    CANNOT DICTATE AT WHICH POINT APPELLANT'S RIGHTS OF
>    RELIGIOUS FREEDOM ARE INFRINGED BY THE STATE.
>
>    V.   EMERGENCY RELIEF ENJOINING THE RETROACTIVE AND
>    PROSPECTIVE ENFORCEMENT OF N.J.S.A. 2C:4-4a(2)(g) AND
>    2C:4-6 IN APPELLANT'S CASE

(Answer, Ex. 4, Defendant's Supplemental Brief on Appeal.)  In essence, Petitioner was arguing that his religious convictions prevented him from appearing at trial or participating in his defense.  Petitioner also submitted a second <u>pro se</u> Supplemental

Brief in which he made further arguments in support of the issues raised in his first pro se Supplemental Brief. (Answer, Ex. 5, Defendant's Second Supplemental Brief on Appeal.)

On July 6, 2011, the Superior Court of New Jersey, Appellate Division, affirmed the conviction. State v. Prall, 2011 WL 2622405 (N.J. Super. App. Div. July 6, 2011). In its opinion, the Appellate Division referred only to the issues raised by Petitioner's counsel; no mention was made of the issues raised in Petitioner's pro se supplemental briefs.

Petitioner's counsel timely filed with the Supreme Court of New Jersey a petition for certification, raising the following issues:

> Please accept this letter in lieu of a formal petition for certification. Mr. Prall relies upon the points raised in the brief filed on his behalf in the Appellate Division. On July 6, 2011, in a written opinion the Appellate Court, per curiam, affirmed his convictions and sentence.
>
> Mr. Prall raised four points in appeal. First, the court erred in admitting the defendant's inculpatory statement which was made during arraignment in a hospital, and after the municipal judge advised defendant he could ask a question. The courts below held that the statement was "completely voluntary," not in response to questioning, and thus admissible.
>
> Second, the State introduced several oral statements allegedly made by defendant. The court, however, did not instruct the jury on how to evaluate such statements pursuant to the Hampton/Kociolek charges. State v. Hampton, 61 N.J. 250 (1972); State v. Kociolek, 23 N.J. 400 (1957); see Model Charge on tatements of Defendant," revised 6/14/10.

> Third, prejudicial other crime evidence was admitted without any limiting instructions and in violation of N.J.R.E. 403. ...
>
> Finally, Mr. Prall's aggregate sentence of 10 years, five years before parole was manifestly excessive. ...

(Answer, Ex. 9, Defendant's Petition for Certification.) Petitioner did not submit to the Supreme Court of New Jersey any pro se briefs raising additional issues. The Supreme Court of New Jersey denied certification on December 1, 2011. State v. Prall, 208 N.J. 600 (2011).

Petitioner did not petition the U.S. Supreme Court for a writ of certiorari. Accordingly, Petitioner's conviction became final for purposes of federal habeas review on February 29, 2012, ninety days after the Supreme Court of New Jersey denied certification. See generally 28 U.S.C. § 2244(d); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Petitioner submitted this federal Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on December 23, 2011, before his conviction became final pursuant to § 2244(d). Here, Petitioner asserts the following grounds for relief: (1) his absence from trial was not knowing and voluntary, (Arguments I and II); (2) he was not able to participate in his own defense, because of his religious beliefs, (Arguments III

and VI); he is actually innocent of the crime of conviction (Argument IV); and he received ineffective assistance of counsel (Argument V).[4]  Petitioner has submitted two supplements to the Petition (Docs. 2, 4), neither of which asserts any additional grounds for relief.

On or about March 15, 2013, after filing this federal habeas Petition and more than one year after his conviction became final under § 2244(d), Petitioner filed his first state petition for post-conviction relief in the trial court. (Answer, Ex. 12, Petition for Post-Conviction Relief).  In his state petition for post-conviction relief, Petitioner has asserted claims of ineffective assistance of counsel.  The parties' most recent submissions to the Court indicate that the petition for post-conviction relief is not yet concluded.[5]

## II.  JURISDICTION

"A federal court has jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254(a) 'only if [a petitioner] is in custody in violation of the constitution or federal law.'" Leyva v. Williams, 504 F.3d 357, 362 (3d Cir. 2007) (citations

---

[4] In Argument VII, Petitioner appears to be arguing that he is not precluded from presenting claims of ineffective assistance of counsel in a habeas proceeding, despite the fact that he did not raise the claims on direct appeal.

[5] As of October 25, 2013, the parties were still awaiting a briefing schedule before the trial court.  (Answer to Supplemental Pet., Doc. No. 34-1, at 4.)

omitted).

Respondents assert that this Court lacks jurisdiction over this Petition because Petitioner "maxed-out" on his sentence in March 2013, and is presently confined pursuant to another conviction and sentence. (Answer, at 1.) Petitioner asserts that he became eligible for parole in March 2013, but that he will not "max-out" on the sentence until some time in 2016.

This Court need not resolve this dispute, as the question whether a petitioner is "in custody" under the challenged conviction, thus affording jurisdiction to the reviewing federal habeas court, is determined as of the date the petition is filed. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998)(cited in Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004)). Moreover, release does not moot a habeas petition where the petitioner will suffer "collateral consequences" if his conviction is allowed to stand. Leyva, 504 F.3d at 363, (citing DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005)). Where a petitioner is challenging a criminal conviction, the federal habeas court may presume "collateral consequences." Id. (citations omitted).

The parties here appear to be in agreement that Petitioner was serving a sentence under the challenged conviction on October 23, 2011, the date this Petition is deemed filed under

the federal "mailbox rule."[6]  Accordingly, this Court has jurisdiction to hear Petitioner's § 2254 Petition.

### III.  DISCUSSION

Title 28 U.S.C. § 2254 provides, in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A federal court's habeas review of state court convictions is circumscribed, however, in various ways.  Of particular concern, here, is the requirement that a person in custody pursuant to the judgment of a state court exhaust his state remedies before turning to the federal courts under § 2254.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)  (i) there is an absence of available State corrective process; or
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

---

[6] Pursuant to the federal prisoner "mailbox rule," a prisoner's federal habeas petition is deemed filed on the date it is placed into the prison mail system.  See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998).

>    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b).

It is appropriate for a federal habeas court to raise sua sponte any concern that the petitioner has not exhausted his state court remedies. See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987), cited in Day v. McDonough, 547 U.S. 198, 214 (2006).[7]

Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding

---

[7] The Court notes that Respondents have raised the defense of non-exhaustion with respect to the claim of ineffective assistance of counsel. (Answer to Supplemental Petition, Doc. No. 34-1, at 7.)

that Supreme Court precedent, and the AEDPA, mandate that prior to determining the merits of a petition, a court must consider whether the petitioner is required to present his or her unexhausted claims to the state's courts), cert. denied, 532 U.S. 919 (2001).  The petitioner generally bears the burden to prove all facts establishing exhaustion.  Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) (requiring state prisoners, in order to fully exhaust their claims, "to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

The petitioner must "fairly present" the federal claim to the state courts in a recognizable way, so that the court is not

required to "read beyond a petition or brief" to understand the claim. Baldwin v. Reese, 541 U.S. 27, 32 (2004). The claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard v. Connor, 404 U.S. 270, 275 (1971); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. Picard at 277-78; Greene v. Palakovich, 606 F.3d 85, 93 (3d Cir. 2010), affirmed sub nom Greene v. Fisher, 132 S.Ct. 38 (2011).

Exhaustion allows state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not

likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

More recently, the one-year statute of limitations enacted by AEDPA in 1996 "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)).[8] Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas 8petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a

---

[8] A "mixed" petition is one containing both exhausted and unexhausted claims. See Crews, 360 F.3d at 147.

petitioner who timely files a mixed petition." Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations

omitted).  The Rhines v. Weber stay procedure is available even when a petitioner has exhausted none of the claims in his petition.  See Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, it appears to this Court that Petitioner has exhausted none of the claims in his Petition.  The claims of ineffective assistance of counsel are pending before the trial court in a recently-filed state petition for post-conviction relief.  It appears that Petitioner has never presented, to any state court, any claim of actual innocence.  Petitioner's appellate counsel did not present to the New Jersey Supreme Court any of Petitioner's pro se issues regarding whether he

voluntarily waived his right to be present at trial or whether religious convictions prevented him from participating in his defense; nor did Petitioner present any of those claims pro se to the Supreme Court of New Jersey. Thus, whether or not the Appellate Division considered those claims, and it appears that it did not, Petitioner appears to have abandoned them before presenting them to every level of the state courts that could have considered them. Accordingly, it appears that all of Petitioner's claims are unexhausted. He has alleged no facts suggesting that state law prevented him from presenting those claims to the Supreme Court of New Jersey.

Moreover, it appears that Petitioner will be forever foreclosed from bringing those claims in a federal habeas petition if they are dismissed at this time. That is because the timeliness of any future habeas petition will be measured from the date that Petitioner's conviction became final, as all claims were known to him at that time, and the one-year limitations period for filing a federal habeas petition expired on March 1, 2013, before Petitioner filed his state petition for post-conviction relief on March 15, 2013.[9] Thus, the pending

---

[9] New Jersey courts have never adopted a prison "mailbox rule" akin to the federal rule of Houston v. Lack, which deems federal submissions "filed" when they are delivered to prison officials for forwarding to the clerk of a federal court. See Mallard v. Bartkowski, Civil No. 11-3442, 2013 WL 2481262 (D.N.J. June 10, 2013) (citing Oliver v. Lee, No. L-6590-08, 2012 WL 1414081, *3

state petition for post-conviction relief cannot act to toll the federal limitations period. See generally 28 U.S.C. § 2244(d); Mallard v. Bartkowski, Civil No. 11-3442, 2011 WL 4991492, *5 (D.N.J. Oct. 18, 2011). Accordingly, absent a stay, Petitioner may be forever foreclosed from seeking federal habeas relief. However, Petitioner has alleged no facts that would suggest that he had good cause for failure to timely and fully exhaust his state remedies or that a stay would, therefore, be justified. Moreover, this Court has grave doubts whether any of the claims are meritorious. Accordingly, it appears that the Petition must be dismissed, rather than stayed, for failure to exhaust state remedies.

## IV. CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice, rather than stayed pursuant to Rhines v. Weber, for failure to exhaust state remedies. An appropriate order follows.

/s/ Anne E. Thompson
Anne. E. Thompson
United States District Judge

Dated: 4/29/14

---

(N.J. Super. App. Div. April 25, 2012)). Accordingly, Petitioner's state petition for post-conviction relief is not considered filed until it was received by the state court.